UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH HARRIS,

    Plaintiff,

v.                                  CASE No. 8:07-CV-868-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty years old at the time his insured status expired and who has a high school education, has been a produce manager and a tree service business owner (Tr. 87, 183, 561). He filed a claim for Social Security disability benefits, alleging that he became disabled

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

on January 15, 1999, due to diabetes, blindness in his left eye, and a broken foot (Tr. 159). The claim was denied and not appealed. The plaintiff then filed a second claim for benefits alleging that he became disabled on February 15, 1999, due to anemia, diabetes, kidney disease, depression, high blood pressure, a broken foot, and blindness in his left eye (Tr. 182). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has a severe combination of impairments consisting of "type 1 diabetes mellitus with diabetic retinopathy, neuropathy, and left Charoct foot, as well as depression and anxiety" (Tr. 18). The law judge concluded that, through the date last insured, June 30, 2004, these impairments restricted the plaintiff to sedentary work with the additional following limitations (Tr. 19):

> The claimant could lift or carry 10 pounds occasionally, stand or walk for 2 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant had limitations of only occasionally pushing and pulling with his left lower extremity. The claimant could occasionally balance, stoop, kneel, crouch, and climb a ramp or stairs, but never climb a ladder, rope, or scaffold, and never crawl. The claimant had no manipulative, visual, communicative, or environmental limitations,

> except of avoiding even moderate exposure to hazards such as moving machinery and unprotected heights. The claimant could perform only simple, routine, repetitive tasks.

The law judge determined that these restrictions did not preclude the plaintiff from returning to his past work as a tree service business owner as he had performed it (Tr. 23). In addition, based upon the testimony of a vocational expert, the law judge concluded that there were other jobs existing in significant numbers in the national economy that the plaintiff could perform, such as a food and beverage order clerk, surveillance system monitor, and addresser (id.). The plaintiff was therefore found not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A). In this case, the plaintiff must also show that he became disabled before his insured status expired on June 30, 2004, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge found the plaintiff to have a severe combination of impairments, but determined that the plaintiff has the residual functional capacity to perform a range of sedentary work (Tr. 19). The plaintiff challenges the law judge's decision on three grounds. None of the plaintiff's contentions warrants reversal of the law judge's decision.

The plaintiff argues first that the law judge erred in failing to explain why the plaintiff's diabetes did not meet the criteria of listing 9.08 in Appendix 1 of the Social Security regulations pertaining to diabetes mellitus (Doc. 12, pp. 4-7). He complains that the law judge did not evaluate the plaintiff's diabetes under listing 9.08 (id., p. 4).

The plaintiff is correct in his contention that the law judge did not mention listing 9.08 specifically in her opinion. However, the Commissioner need not recite the evidence leading to the determination that plaintiff's impairments do not meet any of the Appendix 1 listing criteria. Keane v. Commissioner of Social Security, 205 Fed. Appx. 748, 2006 WL 3024709 (11th Cir. 2006); Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986). Moreover, the law judge can make an implied finding that a listing is

not met. Id. An implicit finding regarding listing 9.08 was appropriate in this case since the plaintiff's representative did not refer to that listing (or any other) in his closing statement at the hearing (Tr. 598-600), in his pre-hearing submission (Tr. 226, 247-50), or in his post-decision appeal to the Appeals Council (Tr. 552-54).

> Listing 9.08 provides (20 C.F.R. Part 404, Subpart P, App. 1):
>
> Diabetes Mellitus. With:
>
> A. Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C); or
>
> B. Acidosis occurring at least on the average of once every 2 months documented by appropriate blood chemical tests (pH or pC02 or bicarbonate levels); or
>
> C. Retinitis proliferans; evaluate the visual impairment under the criteria in 2.02, 2.03, or 2.04.

In this case, the law judge expressly considered whether the plaintiff's impairments met, or equaled, a listing in Appendix 1 (Tr. 19). Moreover, while not mentioning listing 9.08, she specifically referred to listings 2.02, 2.03, and 2.04, which are incorporated in listing 9.08C (id.).

-7-

These circumstances demonstrate that the law judge properly considered whether the plaintiff met, or equaled, an Appendix 1 listing.

Moreover, the plaintiff has made no attempt to show that the law judge's implicit finding that the plaintiff did not meet, or equal, listing 9.08 is erroneous. The plaintiff bears the burden of showing that she meets, or equals, a listing. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Further, "when a claimant contends that he has an impairment meeting the listed impairments entitling him to an adjudication of disability under regulation 404.1520(d), he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency." Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986); see also Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). The plaintiff has obviously not made the required showing since his argument on this point is totally devoid of any citation to the medical evidence (see Doc. 12, pp. 4-7). Therefore, the

plaintiff has failed to meet his burden of presenting evidence which shows he meets, or equals, a listing.

Significantly, the scheduling Order expressly stated that "discrete challenges must be supported by citations to the record of the pertinent facts" and that any challenges as to which this requirement is not met would be subject to being disregarded (Doc. 8, p. 2). The plaintiff's violation of this Order provides an additional reason why this contention should be rejected.

The plaintiff argues next that the law judge improperly discounted the opinion of Dr. John Glotfelty, an examining physician (Doc. 12, pp. 7-9). The plaintiff was seen only once by Dr. Glotfelty, a specialist in ophthalmology. On May 26, 1999, Dr. Glotfelty concluded that plaintiff's best possible vision in his good (right) eye was 20/40 + 2 (Tr. 272). He conducted a visual field test and opined that the plaintiff has poor side vision (id.) The doctor concluded that the plaintiff "is not capable of doing any useful work with either eye" with little or no possibility of improvement (Tr. 272, 273).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such

weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Glotfelty, however, was not a treating physician. The plaintiff's treating eye doctors are John O. Susac and Scott M. Friedman. Dr. Friedman is an ophthalmologist, specializing in diseases and surgery of the retina, macula, and vitreous, and Dr. Susac is a neuro-ophthalmologist (Tr. 345, 512).

Although Dr. Glotfelty was not a treating physician, the law judge nevertheless provided good cause for concluding that Dr. Glotfelty's opinions should be discounted. Thus, the law judge stated (Tr. 21):

> As for the opinion evidence, the Administrative Law Judge has considered the opinion expressed by John Glotfelty, M.D., an ophthalmologist, with respect to the claimant's ability to work. In June 1999, Dr. Glotfelty stated that the claimant had poor vision due to diabetic change and the amount of laser treatment he has had done. Dr. Glotfelty also noted that the claimant's best possible vision was 20/40 + 2. Dr. Glotfelty opined that the claimant was not capable of doing any useful work

>with either eye (Exhibit 3F). However, Dr. Glotfelty's opinion is not afforded controlling weight because it is not consistent with the record as a whole. The claimant had since worked as a self-employed tree service business-owner since 2003 (Exhibits 1D, 2D, and 8E). In addition, in November 2003, Dr. Susac also found the claimant with 20/20 visual acuity in his right eye (Exhibit 6F). In November 2005, Dr. Friedman also found the claimant with 20/20 visual acuity in his right eye (Exhibit 18F). Moreover, opinions on the issues of whether the claimant is "disabled" or "unable to work" are reserved to the Commissioner because they are administrative findings that are dispositive of a case (20 CFR 404.1527(e) and SSR 96-5p).

These reasons adequately support the law judge's determination to discount Dr. Glotfelty's opinions. The evidence clearly does not compel a contrary finding.

The plaintiff's additional contention that the law judge should have recontacted the doctors is also unpersuasive (Doc. 12, pp. 7, 12). On this issue, the regulations provide (20 C.F.R. 404.1512(e)):

>(e) Recontacting medical sources. When the evidence we receive from your treating physician ... is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.

> (1) ... We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 2006 WL 3028228 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 2005 WL 1414406 (11th Cir. 2005)(unpub. dec.). The plaintiff has failed to identify any gaps in the 600-page administrative transcript, and no gaps in the record are apparent.

Moreover, the law judge did not have to recontact Dr. Glotfelty just because she discounted his opinions. The law judge obviously understood Dr. Glotfelty's opinions, but simply concluded that they were not consistent with the record as a whole (Tr. 21).

In a related argument, the plaintiff contends, finally, that the law judge erred by failing to obtain an updated residual functional capacity assessment from a treating source (Doc. 12, pp. 9-12). On this point, the plaintiff incorrectly complains that the law judge fully adopted the residual functional capacity assessments of nonexamining consultants (see Tr. 22). He

also contends that the law judge should have requested a residual functional capacity assessment from one or more of the plaintiff's treating physicians (Doc. 12, p. 9).

In the first place, this contention ignores the principle that "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Thus, it was the plaintiff's responsibility, and not the law judge's, to obtain assessments from the plaintiff's treating doctors if such assessments were deemed to be necessary.

Moreover, the law judge plainly thought that the large record was sufficient to permit her to make a determination of the plaintiff's residual functional capacity. As the Commissioner points out, I have previously explained that the law judge, as the factfinder, does not need an opinion from a treating or examining doctor concerning a claimant's functional limitation in order to make a finding regarding a claimant's residual functional capacity (Doc. 13, p. 16).

Significantly, the plaintiff has made no meaningful attempt to show that the law judge's determination of the plaintiff's residual functional

-13-

capacity was flawed. This confirms the conclusion that the law judge did not err because she did not request a functional assessment from a treating source.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and does not contain any reversible error, is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 7th day of September, 2008.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE